UNITED STATES of America, Plaintiff—Appellee,

v.

Isaias SUVIA–REYES, Defendant—Appellant.

No. 08–30407.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2009.

Filed Oct. 20, 2009.

Amy Potter, Assistant U.S., Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Kemp L. Strickland, Assistant U.S., United States Attorney's Office, Portland, OR, for Plaintiff–Appellee.

Nancy Bergeson, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before PREGERSON, RYMER, and TASHIMA, Circuit Judges.

### MEMORANDUM *

Isaias Suvia–Reyes appeals the district court's denial of his motion to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326, and his motion for reconsideration. We affirm.

Suvia–Reyes is entitled to *"some meaningful review"* of his prior expedited removal order before it may be used to establish conclusively an element of his criminal offense. *United States v. Mendoza–Lopez*, 481 U.S. 828, 837–38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) (emphasis in

original). As judicial review was unavailable, *see* 8 U.S.C. § 1225(b)(1)(A)(i), (b)(1)(C), (b)(1)(D); 8 C.F.R. § 235.3(b)(2)(ii), and he had exhausted administrative remedies, Suvia–Reyes could attack that order collaterally under *Mendoza–Lopez* when he was prosecuted under § 1326 if entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). However, in these circumstances the alien must show prejudice, that is, he must show that plausible grounds of relief exist that might have been available to him. *United States v. Proa–Tovar*, 975 F.2d 592, 595–96 (9th Cir.1992) (en banc). Suvia–Reyes makes no such showing here. To the extent he suggests that other accouterments of due process were lacking beside judicial review, he develops no argument and offers no authority in support to show that the outcome would have been any different. Suvia–Reyes had no right to admission or to withdraw his application for admission, *cf.* 8 U.S.C. § 1225(a)(4); 8 C.F.R. § 235.4, and he makes no challenge to the merits of the expedited removal order. Finally, with respect to the possibility of seeking permission to withdraw his application for admission pursuant to 8 U.S.C. § 1225(a)(4) and 8 C.F.R. § 235.4, Suvia–Reyes points to nothing other than the statute itself to show any plausible basis for believing that the Attorney General would have exercised his discretion favorably to Suvia–Reyes.

AFFIRMED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.